UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MR. STEVEN EUGENE PASSMORE                                                              PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:24-CV-147-DPJ-ASH

WARDEN UNKNOWN COLBURT, ET AL.                                                      DEFENDANTS

REPORT AND RECOMMENDATION

This case is before the Court on Defendants' Motion to Dismiss [19] under Federal Rules of Civil Procedure 12(b)(5). Pro se Plaintiff Steven Eugene Passmore filed a response [21]. *See* Order [37]. Defendants then filed their reply [22]. Having considered this matter, the undersigned recommends that the Court grant Defendants' motion in part by holding that they were improperly served, deny the motion without prejudice as to their request that this civil action be dismissed, and give Passmore a final opportunity to serve them properly.

I.     BACKGROUND

Passmore is a prisoner currently incarcerated at the Federal Correctional Complex Low I in Yazoo City, Mississippi. The Court entered an Order [4] on March 13, 2024, that directed the Clerk to open this *Bivens* civil action, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Order [4] at 4. Passmore was then directed to file his civil action on a form used by prisoners to file a Complaint for Violation of Civil Rights. Order [5] at 1. He complied on April 30, 2024. *See* Am. Compl. [6] at 1–16. Passmore brings this civil action against federal officials—a *Bivens* claims—and names Warden Colburt and Sean Evans as defendants. *Id*. at 1–2. Passmore complains that his constitutional rights under the Eighth Amendment have been violated because he should be housed at a "camp." *Id*. at 3, 5, 12–13.

1

Passmore is not proceeding in forma pauperis; he paid the filing fee on June 10, 2024. The Court acknowledged his payment on June 17, 2024, and explained that "he was responsible for having the Defendants served with process as required by Rule 4 of the Federal Rules of Civil Procedure." Order 12 at 1. That Order warned Passmore that he had 90 days to properly serve Defendnats and that his failure to do so may result in dismissal. *Id*. The Court also directed the Clerk to mail to Passmore summons forms and general instructions for service of process that included a copy of Rule 4 of the Federal Rules of Civil Procedure. *Id*.; Attach. [12-1] at 1–7.

The Clerk issued a summons for Colburt and Evans on June 25, 2024. Summons [13]. Passmore filed proof of service [15] for Defendant Colburt on August 1, 2024, as well as a letter [16] explaining why he had not yet filed the postal service's return receipt for Evans. Then on September 13, 2024, Passmore filed documents relating to service of process for Evans. Legal Mail [18] at 1–2; Attach. [18-1] at 1–39.

II.   STANDARD

A motion to dismiss under Rule 12(b)(5) "challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed.)); *see also Davis v. Pilot Co.*, No. 3:24-CV-206-DPJ-ASH, 2025 WL 77066, at *1 (S.D. Miss. Jan 10, 2025). "Once the validity of service has been contested, the plaintiff bears the burden of establishing its validity." *In re Katrina Canal Breaches Litig.*, 309 F. App'x 833, 835 (5th Cir. 2009) (per curiam) (citation omitted).

Rule 4(m) sets a 90-day deadline to complete service of process. If service of process is not completed by that time, then "'upon motion of the defendant or sua sponte by the court with notice to the plaintiff, the action shall be dismissed without prejudice unless the plaintiff shows

2

good cause for failure to complete service.'" *Denham v. Watkins*, No. 3:23-CV-149-CWR-LGI, 2024 WL 4441375, at *3 (S.D. Miss. April 16, 2024) (quoting *Lister v. United States of Am.*, No. 4:21-CV-3087, 2023 WL 4295474, at *2 (S.D. Tex. June 29, 2023) (citation and quotations omitted)). But "[e]ven if the plaintiff lacks good cause, the court has discretionary power to extend the time for service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). Such "discretionary extension may be warranted" because "the applicable statute of limitations would bar the refiled action." *Id*. (citation omitted).

III.   ANALYSIS

    A.   Means Authorized to Serve Process

Federal Rule of Civil Procedure Rule 4(i) governs service upon the United States, its agencies, corporations, officers, or employees. Because Colburt and Evans are employees of the United States, Passmore is required to "serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." *See* Fed. R. Civ. P. 4(i)(1)–(3). To serve the United States in this case, there are two requirements. *See* Fed. R. Civ. P. 4(i)(1).[1] First, Passmore is required to deliver of a copy of the summons and of the complaint to "the United States Attorney, to a properly designated employee of the United States Attorney, or via registered or certified mail to the civil-process clerk at the United States Attorney's Office." *Yoo v. US Marshal Serv.*, No. 6:20-cv-401, 2023 WL 2802247, at *5 (E.D. Tex. Mar. 3, 2023) (citing Fed. R. Civ. P. 4(i)(1)(A)(i) & (ii)), *report and recommendation adopted*, 2023 WL 2787968 (E.D. Tex. Apr. 5, 2023). Second, he must send "a copy of the summons and complaint to the Attorney General of

---

[1] A third requirement applies "if the action challenges an order of a nonparty agency or officer of the United States." Fed. R. Civ. P. 4(i)(1)(C). This is inapplicable to Passmore's case.

3

the United States in Washington, D.C. by registered or certified mail." *Id*. (citing Fed. R. Civ. P. 4(i)(1)(B)).

      B.      Passmore's Service Efforts

To properly serve Defendants with process in this *Bivens* action, Passmore must comply with Federal Rules of Civil Procedure 4 as detailed above. The Court sent him summons forms and a copy of the General Instructions for Service of Process on June 17, 2024. Because Passmore has not served the Defendants in accordance with the Federal Rules of Civil Procedure, Defendants argue that this "complaint should be dismissed without prejudice." *Id*. In support of their Motion [19], Defendants attach a Declaration of Karlotta Banks. Decl. [19-1] at 1–2.

In her declaration, Banks states that she maintains "the case tracking system, which includes recordation of the date of service of Summonses and Complaints upon the United States Attorney in this district" and that she searched the case tracking system and "found that there is no record of the Summons and Complaint" "having been served upon the United States Attorney's Office of the Southern District of Mississippi." *Id*. at 1. Defendants recognize that Passmore has "at most attempted to serve copies of his complaint by certified mail only on 'Warden Coburt' and 'Sean Evans.'" Memo. [20] at 2. Defendants add that "Passmore has not, nor ever tried, to serve either the U.S. Attorney's Office or the Attorney General in accordance with Rule 4(i)." *Id*. (citing Exhibit "A," Declaration of Karlotta Banks). Defendants point out that "[m]ore than 300 days have passed since Passmore filed his amended complaint." *Id*. Even though Passmore "has had hundreds of days to cure the deficient service," he has failed to do so. Defs.' Reply [22] at 2.

Passmore counters by simply stating that Defendants' Motion to Dismiss was the "first time" he was informed that he had to serve the United States Attorney's Office. Mot./Resp. [21] at 1. He also claims that he has properly served Defendants Colburt and Evans. *See* Attach. [21-1] at 2; [21-1] at 8.

Despite Passmore's assertions, the record shows he failed to serve the United States Attorney for the Southern District of Mississippi or other appropriate person in that office, and the Attorney General of the United States in Washington, D.C. even though, according to him, he learned of this requirement nine months ago.

The next question, then, is whether dismissal is proper. Passmore bases his complaint on events that occurred in 2021. This means a Rule 12(b)(5) dismissal now, over three years later, would likely be *with* prejudice. This is because, despite Defendants' request that it be without prejudice, Passmore could be time-barred from refiling his claims. *See Rankin v. United States*, 556 F. App'x 305, 310 (5th Cir. 2014) (explaining Mississippi's general three-year statute of limitations applies to *Bivens* claims) (citations omitted). "[W]here the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice." *Millan*, 546 F.3d at 326 (citations omitted). "[D]ismissal with prejudice 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim.'" *Id*. (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)). And the Fifth Circuit "has limited district courts' discretion to dismiss claims with prejudice." *Id*. (citation omitted).

As here, when the dismissal under Rule 4(m) amounts to a dismissal with prejudice because the refiling of an action would be barred by the statute of limitations, then there must be

"a clear record of delay or contumacious conduct by the plaintiff . . . and a lesser sanction would not better serve the interests of justice." *Id*. (quoting *Gray v. Fed. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)). "The circuit also requires some aggravating circumstances like '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id*. (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)). Passmore has caused the delay, but he "just doesn't seem to understand what is required or that his past efforts were ineffective." *See Davis,* 2025 WL 77066, at *5. And Defendants failed to cite *Millan*, let alone address the applicable factors. They fail to show Passmore's conduct meets the requirements for dismissal based on Rule 12(b)(5). *See Millan*, 546 F.3d at 326. Dismissal is improper, and Passmore should be given a final opportunity to properly serve Defendants.

IV. RECOMMENDATION

For these reasons, the undersigned recommends the following:

1. The Court should grant Defendants' Motion to Dismiss [19] in part by holding that they have been improperly served, but deny their motion without prejudice as to the request that this civil action be dismissed.

2. The Court should grant Passmore a final 30-day extension of time to properly serve Defendants. Passmore must comply with the service requirements found in Federal Rule of Civil Procedure 4(i). Failure to do so may result in dismissal of this case.

3. That the Court should deny Passmore's Motion to Cure [26] the deficiency of service of process and comply with the requirements of Federal Rule of Civil Procedure 4 as moot in the event he is granted a final 30-day extension of time to properly serve Defendants.

V.	NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy[2] to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

RESPECTFULLY SUBMITTED, this the 9th day of February, 2026.

*s/Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[2] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).