UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STEVEN EUGENE PASSMORE                                                                   PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:24-CV-147-DPJ-ASH

WARDEN UNKNOW COLBURT, ET AL.                                                     DEFENDANTS

ORDER

On February 9, 2026, United States Magistrate Judge Andrew S. Harris entered a Report and Recommendation, recommending granting in part and denying in part Defendants' motion to dismiss. R&R [38] at 1. Judge Harris also recommended giving Plaintiff a final opportunity to serve Defendants properly. *Id.* Neither party has filed an objection, and the time to do so has passed.[1]

Judge Harris carefully explained the procedural history of this *Bivens* civil action, and that history is incorporated by reference. *Id.*; *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In basic terms, Plaintiff has not properly served Defendants, which prompted them to move to dismiss the Complaint without prejudice. Mot. [19] at 1. Judge Harris recognized that a dismissal without prejudice would "likely be with prejudice" because Plaintiff "could be time-barred from refiling his claims." R&R [38] at 5; *see id.* (noting Complaint is based on event that occurred in 2021). Judge Harris concluded that dismissal was improper and Plaintiff should be given a final opportunity to properly serve Defendants.

---

[1] Plaintiff sent a letter to the Clerk of Court and attached "proof of submission of Summons, pursuant to the Honorable courts Order Document 38 Filed 2/09/26." Resp. [40] at 1 (dated Feb. 12, 2026). Plaintiff did not assert any arguments in this filing that could be construed as an objection; he appears to be advising the Clerk that he sent three summonses by certified mail. *See* Attachments [40-1] at 1–3.

The Court adopts the well-reasoned and unopposed Report and Recommendation [38] as the opinion of the Court.  The Court finds as follows:

-   Defendants' Motion to Dismiss [19] is granted in part, in that they have not been properly served, but denied in part, without prejudice, as to the request that this civil action be dismissed.

-   Plaintiff is given a final 30-day extension of time to properly serve Defendants.  He must comply with the service requirements found in Federal Rule of Civil Procedure 4(i).  Failure to do so may result in dismissal of this case.

-   Plaintiff's Motion to Cure [26] the deficiency of service of process and comply with the requirements of Federal Rule of Civil Procedure 4 is considered moot in light of the final 30-day extension of time to properly serve Defendants.

**SO ORDERED AND ADJUDGED** this the 27th day of February, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
