UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MR. STEVEN EUGENE PASSMORE PLAINTIFF

V. CIVIL ACTION NO. 3:24-cv-147-DPJ-ASH

WARDEN UNKNOWN COLBURT, ET AL. DEFENDANTS

REPORT AND RECOMMENDATION

This case is before the Court on Defendants' Motion to Dismiss [45]. Pro se Plaintiff Steven Eugene Passmore filed a response [47][1] and Defendants filed a reply [48]. Defendants sought dismissal of Passmore's *Bivens*[2] claim and, to the extent asserted, his claims under the Federal Tort Claims Act (FTCA) and the Administrative Procedures Act (APA). In his response, Passmore concedes he is pursuing only a *Bivens* claim. Resp. [47] at 1. In light of Passmore's concession, the undersigned recommends that Defendants' motion be granted as to the FTCA and APA claims. As to the *Bivens* claim, the undersigned recommends that the Court grant Defendants' motion and dismiss this action based on Passmore's failure to state a *Bivens* claim or a viable constitutional claim. Additionally, the undersigned recommends that Passmore's motion for summary judgment [35] be denied.

[1] In his response, Passmore asks that the Court strike Defendants' motion because he believes they "are intentionally trying to confuse the [] Court." Resp. [47] at 1. Passmore has pointed to no basis in law to strike Defendants' motion. Moreover, his request is procedurally improper because it is included within a response. The Court will not entertain this request, but it has considered all of Passmore's arguments in opposition to the motion.

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

I. Background

Passmore is a prisoner currently incarcerated at the Federal Correctional Complex Low I in Yazoo City, Mississippi. The Court entered an Order [4] on March 13, 2024, that directed the Clerk to open this *Bivens* civil action. Order [4] at 4; *see also Bivens*, 403 U.S. at 388. Passmore was then directed to file his civil action on a form used by prisoners to file a Complaint for Violation of Civil Rights. Order [5] at 1. He complied. *See* Am. Compl. [23-1] at 1–2.

Passmore brings this civil action against federal officials—a *Bivens* claim—and names Warden Colburt and Sean Evans as defendants. *Id*. at 1–2; Pl.'s Reply [47] at 1.[3] Passmore complains that his constitutional rights under the Eighth Amendment have been violated because he should be housed at a "camp." Am. Compl. [6] at 3, 5, 12–13; Attach. [23-1] at 3, 5, 12–13. He also asserts that Defendant Evans—in retaliation—"fabricated false information which" (a) increased his custody level and (b) "[p]laced a[n] unsubstantiated 'Greatest Severity' Public Safety Factor on the Plaintiff" resulting in Passmore being housed in the United States Penitentiary (USP) Yazoo City. *Id*. at 12; Attach. [23-1] at 12. As relief, Passmore seeks a transfer to a camp within the state of Florida and monetary damages. Am. Comp. [6] at 5; Am. Compl. [23] at 1.

II. Standard of Review

A. Lack of jurisdiction

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(1) challenges the subject-matter jurisdiction of the federal court. *See* Fed. R. Civ. R. 12(b)(1). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court

[3] Passmore is not proceeding in forma pauperis; he paid the filing fee on June 10, 2024.

lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.* (*Miss. Plaintiffs*), 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *Id.* (citing *Wagstaff v. United States Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007)).

"Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). Passmore, as the party asserting this Court's jurisdiction, bears the burden of proof that jurisdiction exists to the extent that he asserts an FTCA or APA claim relating to his custody classification and custody. *See id.*

Defendants' Motion [45] is based on Passmore's Amended Complaint [23]. "Where the motion to dismiss is based on the complaint alone, the court must decide whether the allegations in the complaint sufficiently state a basis for subject matter jurisdiction." *Chilton v. Texas S. Univ.*, No. 4:24-cv-1646, 2024 WL 4282092, at *1 (S.D. Tex. Sept. 24, 2024) (citing *Paterson v. Weinberger*, 644 F.2d 521 (5th Cir. 1981)).

B. Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires a court to "accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff." *Dudley v. United States*, No. 4:19-CV-317-O, 2020 WL 532338, at *3 (N.D.

Tex. Feb. 3, 2020) (citations omitted). The Court, however, "does not 'accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Watkins v. Allstate Prop. & Cas. Ins. Co.*, 90 F.4th 814, 817 (5th Cir. 2024) (quoting *King v. Baylor Univ.*, 46 F.4th 344, 356 (5th Cir. 2022)). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" to overcome a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When ruling on a Rule 12(b)(6) motion, "[a] court may consider the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Ross v. Sullivan*, No. 1:20-CV-351-HSO-BWR, 2022 WL 6884087, at *3 (S.D. Miss. Aug. 8, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 4131098 (S.D. Miss. Sept. 12, 2022).

## III. Analysis

### A. FTCA and APA claims

In their motion, Defendants claim it was unclear whether Passmore was asserting FTCA and APA claims in his amended complaint. So, out of an abundance of caution, they moved to dismiss the APA and FTCA claims for lack of subject-matter jurisdiction and also because Passmore failed to name the proper defendant for an FTCA claim. Defs. Mem. [46] at 4. In his response, Passmore concedes that the only claim he is asserting is a *Bivens* claim. Resp. [47] at 1.[4] Notwithstanding Defendants' confusion over whether Passmore asserted an APA or FTCA claim, Passmore has clarified that his only claim asserted here is under *Bivens*. Accordingly, the undersigned finds that Passmore has abandoned any claims he might have asserted under the APA and FTCA. *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459

[4] Passmore never expressly mentions the APA claim in his short response, but he does indicate he is pursuing a *Bivens* claim only. Resp. [47] at 1.

(5th Cir. 2022) ("A plaintiff abandons claims when [he] fails to address the claims or oppose a motion challenging those claims."). Those claims should be dismissed.

Nonetheless, even without Passmore's concession, Defendants' arguments have merit and warrant dismissal. Starting with the APA, Defendants argue that to the extent Passmore asserts a claim for judicial review of his custody classification this Court lacks subject-matter jurisdiction. Defs.' Memo. [46] at 12. As alluded to above, Passmore fails to address this in his response. Resp. [47] at 1.

"The Administrative Procedure Act (APA) 'provides that courts may not review agency action when '(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law.''" *McCoy v. Zook*, No. 3:20-CV-1051, 2021 WL 811854, at *3 (N.D. Tex. Feb. 11, 2021) (quoting *Woody v. Wilson*, 2020 WL 2085571, at *3 (N.D. Tex . Apr. 30, 2020); citing 5 U.S.C. § 701(a)), *report and recommendation adopted*, 2021 WL 807249 (N.D. Tex. Mar. 3, 2021). Title "18 U.S.C. § 3621 commits designation of a prisoner's place of imprisonment to the BOP's discretion and specifically precludes judicial review of that designation, stating '[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.'" *Id*. (quoting 18 U.S.C. § 3621(b)). Furthermore, under 18 U.S.C. § 3625, "the BOP's decision regarding a prisoner's custody designation is not reviewable under the APA." *Boyer v. Santana*, No. 3:17-CV-914-N (BT), 2018 WL 1525174, at *4 (N.D. Tex. Mar. 14, 2018) (citations omitted), *report and recommendation adopted*, 2018 WL 1517871, at *1 (N.D. Tex. Mar. 28, 2018).

To the extent Passmore seeks judicial review of his custody classification and housing assignment under the APA, the undersigned recommends that the Defendants' Motion to Dismiss [45] this claim be dismissed for lack of subject-matter jurisdiction be granted.

As to the FTCA claim, Defendants argue that the Court lacks subject-matter jurisdiction because Passmore failed to exhaust his administrative remedies before filing this lawsuit, and also that his claim should be dismissed because he named the wrong party. Defs. Memo. [46] at 13–17. Passmore fails to address this in his response. Resp. [47] at 1.

The United States has consented through the FTCA to be sued for an "injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). Under the FTCA, a plaintiff's claim is actionable "if it alleges the six elements of § 1346(b), which are that the claim be:

> '[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"

*Brownback v. King*, 592 U.S. 209, 212 (2021) (citing 28 U.S.C. § 1346(b)). A plaintiff is also required to exhaust his administrative remedies before filing a lawsuit under the FTCA. *See McNeil v. United States*, 508 U.S. 106, 112 (1993) (holding that exhaustion of administrative remedies prior to filing a FTCA claim is required); *see also Ambriz v. United States*, No. 4:19-cv-474, 2020 WL 4000831, at *2–3 (N.D. Tex. July 15, 2020) (dismissing prisoner's FTCA suit against the BOP for lack of subject-matter jurisdiction because the prisoner failed to first exhaust administrative remedies).

Because Passmore fails to establish that he exhausted his administrative remedies under 28 U.S.C. § 2675(a) *prior* to filing this civil action, the undersigned recommends that to the

extent he may seek relief under FTCA those claims should be dismissed for lack of subject-matter jurisdiction.[5]

B. *Bivens* claim

Turning to Passmore's *Bivens* claim, Defendants argue that Passmore fails to state a claim because he presents a new context under *Bivens* and "because special factors counsel against extending *Bivens*." Defs.' Memo. [46] at 10–11. Passmore's Response does not address this issue. Resp. [47] at 1.

Passmore does not have a viable cause of action under *Bivens.* In *Bivens*, the Supreme Court recognized an implied cause of action against federal officers in their individual capacities involving a Fourth Amendment claim for unreasonable search and seizure. *Bivens*, 403 U.S. at 397. Since that decision, the Supreme Court has acknowledged a *Bivens* claim for only two other implied causes of actions. In *Davis v. Passman*, 442 U.S. 228 (1979), the Supreme Court recognized a *Bivens* claim for violations of the Fifth Amendment Due Process Clause for gender discrimination. Then in *Carlson v. Green*, 446 U.S. 14 (1980), the Supreme Court extended *Bivens* to a federal prisoner's Eighth Amendment claim for inadequate medical care resulting in the prisoner's death. Importantly, "a *Bivens* remedy is not available for all constitutional violations." *Butts v. Martin*, 877 F.3d 571, 587 (5th Cir. 2017).

In *Goldey*, the Supreme Court again declined to extend *Bivens* to include an implied cause of action for damages based on an excessive-force claim under the Eighth Amendment. *Goldey v. Fields*, 606 U.S. 942 (2025) (per curiam). In that case, the Supreme Court stated that it "has repeatedly emphasized that recognizing a cause of action under *Bivens* is a disfavored

[5] Because Defendants' failure-to-exhaust argument has merit, the undersigned does not address the alternative argument concerning the proper party defendant.

judicial activity." *Id*. at 944 (quoting *Egbert v. Boule*, 596 U.S. 482, 492 (2022)) (cleaned up). That said, the Supreme Court once again applied a two-step test to determine whether a *Bivens* claim may proceed. *Id.*

First, the court asks "whether the case presents 'a new *Bivens* context'—that is, whether the case 'is different in a meaningful way' from the cases in which this Court has recognized a *Bivens* remedy." *Id.* (citations omitted). Second, if it is a new context, then the court "ask[s] whether there are 'special factors' indicating that 'the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id.* (cleaned up).

Applying the two-step test, Passmore's allegations that (1) his custody classification was incorrect preventing his transfer to a prison camp and (2) he was retaliated against for contesting his custody classification are different in "meaningful ways" from the issues in the three cases recognizing a *Bivens* implied cause of action. This is a new context for purposes of *Bivens*. *See Goldey*, 606 U.S. at 944 (declining to extend *Bivens* cause of action for excessive use of force in violation of the Eighth Amendment); *see also Butler v. S. Porter*, 999 F.3d 287, 294 (5th Cir. 2021) (affirming the district court determining that retaliation claims are a new context under *Bivens*).

Because Passmore's claims arise in a new context, the next step is to determine "whether there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Goldey*, at 944 (quotations omitted) (cleaned up). There are two "special factors" that counsel against extending *Bivens* here. One is that "Congress has actively legislated in the area of prisoner litigation but has not enacted a statutory cause of action for money damages." *Id.* (citing *Ziglar v.*

*Abbasi*, 582 U.S. 120, 148–49 (2017)). "This Congressional inaction further counsels against judicial creation of such a remedy that the legislature has not seen fit to create." *Dudley*, 2020 WL 532338, at *7. Along these lines, the Fifth Circuit has concluded that "[w]hether and to what extent *Bivens* extends" to a prisoner's Eighth Amendment condition-of-confinement claim "is an issue best left for Congress to address." *Springer v. United States*, No. 21-11248, 2022 WL 2208516, at *1 (5th Cir. June 21, 2022).

The other special factor is whether "there are alternative remedial structures in place." *Egbert*, 596 U.S. at 493. This factor "alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'" *Id.* (quoting *Ziglar*, 582 U.S. at 137). "The existence of such alternative remedial procedures counsels against allowing *Bivens* suits even if such procedures are not as effective as an individual damages remedy." *Goldey*, 606 U.S. at 944–45 (quoting *Egbert*, 596 U.S. at 498) (cleaned up). "[T]he alternative relief necessary to limit *Bivens* need not provide the exact same kind of relief *Bivens* would." *Oliva v. Nivar*, 973 F.3d 438, 444 (5th Cir. 2020) (rejecting argument that the Federal Tort Claims Act provided an insufficient alternative remedy because "Congress did not make individual officers statutorily liable for excessive-force claims" and finding "[t]his 'silence of Congress is relevant' to the special-factors inquiry").

The existence of the BOP's administrative remedy program, *see* 28 C.F.R. § 542.10(a), demonstrates that there is an alternative remedial structure in place. That alone counsels against the extension of *Bivens* here. *See Watkins v. Carter*, No. 20-40234, 2021 WL 4533206, at *2 (5th Cir. Oct. 4, 2021) (unpublished) (recognizing that an alternative method of relief for a *Bivens*

action is the BOP's Administrative Remedy Program). Also, under the Federal Tort Claims Act, a federal prisoner may sue for injuries received during incarceration.[6] *Id*. (citations omitted).

As discussed above, Passmore's claims of retaliation also involve a new *Bivens* context. *See Hernandez v. Causey*, 124 F.4th 325, 333 (5th Cir. 2024) ("Outside of these three narrowly defined categories" in *Bivens*, *Davis*, and *Carlson*, "[v]irtually everything else is a 'new context.'" (quoting *Oliva*, 973 F.3d at 442)). The undersigned recommends that the Defendants' motion to dismiss [45] be granted because Passmore has failed to state a viable *Bivens* claim. Passmore's *Bivens* claim should be dismissed with prejudice.

C. Passmore's denial of transfer to another facility

Independent of their arguments against extending *Bivens* to the new contexts raised by Passmore, Defendants also argue that "to the extent Passmore's claims are premised on his custody classification, '[a] prisoner has no constitutional right to be housed in a particular facility.'" Defs.' Memo. [46] at 6 (citations omitted). In other words, Defendants assert he has failed to state a claim. Passmore does not address this argument in his response. Resp. [47] at 1.

Passmore's assertion that he was wrongfully denied a transfer to another facility fails to state a plausible constitutional claim. Passmore does not have a "constitutional right to be incarcerated in the facility of his choice." *Thomas v. Pearson*, 342 F. App'x 21, 22 (5th Cir. 2009) (citing *Olim v. Wakinekona*, 461 U.S. 238, 244–46 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996)). Additionally, any claim that a defendant failed "to comply with regulations" concerning a prisoner's transfer "likewise does not raise a viable constitutional claim." *Id*. (citing *Jackson v. Cain*, 864 F.2d 1235, 1251–52 (5th Cir. 1989)). This includes claims that officials

[6] *See* 28 U.S.C. §§ 1346(b)(1), 2679(b)(1) (providing that a person may pursue tort claims that arise from the negligent or wrongful acts or omissions of federal employees in the course of their employment).

failed "to comply with the pertinent statute when considering [a prisoner's] request for transfer." *Id.* In short, this "does not involve an infringement of [the prisoner's] constitutional rights." *Id*. Because Passmore does not have a constitutional right to be housed in a facility of his choice, the undersigned recommends that the Defendants' motion to dismiss [45] for failure to state a claim be granted and this claim be dismissed with prejudice.

D. Passmore's lack of physical injury

Defendants also raise as an additional argument the physical-injury requirement found in Section 1997e(e) of the Prison Litigation Reform Act (PLRA). They argue that Passmore's "emotional damages claim . . . inferred by [his] allegations that his 'safety, security, and life' were allegedly 'jeopardized' by his custody" . . . "without some accompanying physical injury" is barred. Memo. [46] at 7. Once again, Passmore fails to address this issue.

Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." A plaintiff's "failure to allege any physical injury precludes his recovery of any compensatory damages for emotional or mental injuries suffered." *Hutchins v McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007). But "[t]he physical injury provision [of] § 1997e(e) does not preclude claims for nominal or punitive damages." *Lasyone v. Management & Training Corp.*, No. 4:23-cv-347, 2024 WL 330482, at *6 (N.D. Tex. Jan. 29, 2024) (citing *Hutchins*, 512 F.3d at 198). To the extent that Passmore may seek nominal or punitive damages, because Passmore does not assert facts to support a viable *Bivens* claim or other viable constitutional claim, the undersigned recommends Passmore's claim for compensatory, nominal, or punitive damages be denied and this civil action be dismissed.

IV. Passmore's Motion for Summary Judgment

Passmore filed his own motion for summary judgment premised on his incorrect belief that Defendants' Notice of No Additional Filings [34] filed on November 24, 2025, was "Defendants . . . not contest[ing] . . . any of the Plaintiff's constitutional rights and privilege's being violated." Pl. Mot. [35] at 1. Defendants point out in their Response [36] that "Plaintiff wrongly asserts in his Motion for Summary Judgment that the allegations in the First Amended Complaint are 'uncontested and unrefuted.'" Defs. Resp. [36] at 2. Furthermore, at that time, Defendants' Motion to Dismiss [19] was still pending. Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure provides that Defendants have fourteen (14) days to answer or otherwise respond if the Court denied their Motion [19]. That did not happen until February 27, 2026—over two months after Passmore filed his motion. Passmore's motion for summary judgment [35] was based on his erroneous belief that Defendants had confessed his claims. It is also defective because it is premised entirely on conclusory allegations unsupported by any competent summary-judgment evidence under Rule 56. Accordingly, the undersigned recommends that Passmore's motion for summary judgment [35] be denied.

V. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss [45] be granted as follows:

(1) The Court should dismiss without prejudice Passmore's APA and FTCA claims, to the extent he has asserted any, as abandoned. Alternatively, the Court should dismiss those claims without prejudice for lack of subject-matter jurisdiction.

(2) The Court should dismiss with prejudice Passmore's remaining claims because he has failed to state a viable *Bivens* claim or a viable constitutional claim for custodial classification and housing.

(3) Because no viable claims remain, the undersigned recommends that this action be dismissed and the case closed.

Additionally, for the reasons explained above, the undersigned recommends that the Court deny Passmore's motion for summary judgment [35].

V. Notice of Right to Object

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy[7] to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

RESPECTFULLY SUBMITTED, this the 24th day of July, 2026.

*s/Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

[7] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).