UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

STEVEN EUGENE PASSMORE PLAINTIFF

V. CIVIL ACTION NO. 3:24-CV-147-DPJ-ASH

WARDEN UNKNOWN COLBURT, ET AL. DEFENDANTS

ORDER

Pro se Plaintiff Steven Eugene Passmore, an inmate incarcerated at the Federal Correctional Complex Low Yazoo in Yazoo City, Mississippi, brings this *Bivens* action against Warden Colburt and Sean Evans. Compl. [1]; *see* Order [4]; *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Defendants moved to dismiss; Passmore filed a response; and Defendants filed a reply. Mot. [45]; Resp. [47]; Reply [48].

On July 24, 2026, United States Magistrate Judge Andrew S. Harris entered a Report and Recommendation [49], recommending that the motion to dismiss [45] be granted. First, Defendants claimed it was unclear whether Passmore was asserting claims under the Federal Tort Claims Act (FTCA) and the Administrative Procedures Act (APA). R&R [49] at 4. Passmore conceded that he is only asserting a *Bivens* claim, Resp. [47] at 1, so Judge Harris correctly perceived the claims as abandoned, R&R [49] at 4. *See* R&R [49] at 4–7 (finding motion should also be granted on the merits).

Judge Harris also carefully considered Passmore's *Bivens* claim, finding he failed to state a viable claim. *Id.* at 7–10. Judge Harris then correctly noted that Passmore's denial-of-transfer claim does not state a constitutional violation. *Id.* at 10 (noting a prisoner "does not have a 'constitutional right to be incarcerated in the facility of his choice'" (quoting *Thomas v. Pearson*, 342 F. App'x 21, 22 (5th Cir. 2009)). In sum, Judge Harris recommends granting Defendants'

motion to dismiss [45], denying Passmore's motion for summary judgment [35], and dismissing the case with prejudice. *Id.* at 12–13. Passmore did not file an objection, and the time to do so has passed. *Id.* at 13 (noting Passmore had 14 days to file an objection).

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note (1983), quoted in *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc), superseded on other grounds by 28 U.S.C. § 636(b)(1) as noted in *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017). Finding no clear error, the Court accepts the well-reasoned recommendation of the Magistrate Judge.

IT IS ORDERED that the Report and Recommendation [49] of United States Magistrate Judge Andrew S. Harris is adopted as the finding and holding of this Court. Defendants' motion to dismiss [45] is granted; Passmore's motion for summary judgment [35] is denied. This action is dismissed with prejudice. A separate judgment will be entered as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 14th day of August, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE